## Logue *v.* Philadelphia Rapid Transit Co., Appellant.

*Negligence—Contributory negligence—Public highway — Crossing—Question for jury.*

In an action to recover damages for personal injuries, positive statements of the plaintiff: that when he entered upon the track of defendant street railway company, at a regular crossing place in a public highway, from a position about three feet from the track, the defendant's car was 400 feet distant; that the view was unobstructed, with no grade; and that, without any sound of bell or gong, after all the wheels of his wagon had passed the track, the rear shelving of his wagon was struck by the trolley car; were sufficient, in the absence of any evidence for the defendant, to take the case to the jury on the question of negligence and contributory negligence.

*Negligence—Release of liability—Effect—Validity.*

When the defendant, in an action to recover damages for personal injuries, introduced in evidence a paper called a release, the execution of which was denied by the plaintiff, who it was testified could neither read nor write, the validity of the release was clearly for the jury to determine, there being evidence that the plaintiff was very much under the influence of liquor, when the release was signed, and that such a condition was brought about by some one acting in the interest of the defendant company.

Argued October 18, 1921.  Appeal, No. 211, Oct. T., 1921, by defendant, from judgment of C. P. No. 1, Phila. Co., March T., 1921, No. 1840, on verdict for plaintiff in the case of Charles Logue v. Philadelphia Rapid Transit Company.  Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ.  Affirmed.

Trespass to recover damages for personal injuries. Before SHOEMAKER, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $500, and judgment thereon. Defendant appealed.

*Errors assigned* were refusal of binding instructions for defendant, and refusal of motion for judgment non obstante veredicto.

*David I. Scanlon,* for appellant.—The plaintiff was barred from recovery because of his failure to look immediately before entering upon the crossing: Camac v. Phila. Rapid Transit Co., 269 Pa. 543.

The release constituted a valid and conclusive defense to the claim: Ralston et ux. v. P. R. T. Co., 267 Pa. 257; Spritzer v. P. R. R. Co., 226 Pa. 166; Hicks v. Harbison-Walker Co., 212 Pa. 437; Ogden v. Phila. Traction Co., 202 Pa. 480.

*Walter N. Keating,* of *Knight, Henry & Keating,* for appellee.—The case was clearly for the jury on the question of negligence: Wilson v. Northside Traction Co., 10 Pa. Superior Ct. 325; Gilmore v. P. R. T. Co., 253 Pa. 543.

The validity of a release, obtained under circumstances such as were shown in this case, is for the jury: Ettinger v. Jones, 139 Pa. 218; Clayton v. Consolidated Traction Co., 204 Pa. 536; Gordon v. G. A. & P. Tea Co., 243 Pa. 330.

OPINION BY ORLADY, P. J., March 3, 1922:

The plaintiff recovered a verdict of $500 in an action of trespass for injuries received by him resulting from alleged negligence of the defendant's operation of its trolley car. He was traveling in a buggy drawn by a single horse on Island Road, approaching Madison Ave-

nue toward Hog Island.  There was a car track on each side of the public road.  As the plaintiff reached Madison Avenue, he looked and saw a car approaching down Island Road, 400 feet distant.  He turned his horse to cross Madison Avenue, and after all the wheels of his wagon had passed the track, the rear shelving of his wagon was struck by the trolley car.

There were the usual challenges as to the accuracy of the plaintiff's narrative of the accident, and the defendants did not offer any testimony, relying on the weakness of the plaintiff's case.  The plaintiff was quite positive in his statement that when he entered upon the track the trolley car was 400 feet distant,—that he was about three feet from the track and turned at right angles to cross the trolley track.  He was familiar with the location, having used that crossing for a number of years. It was further alleged that no sound of bell or gong was given.  In this he was corroborated by several witnesses who were on the wagon with him, and under all the facts, it was clearly a question for the jury.

An examination of the testimony shows clearly that the situation presented to the driver of the one-horse buggy, and to the motorman of the defendant company required that each should be alert and careful.  The accident occurred early in the morning.  There was nothing to obstruct the view of either; the plaintiff had a right to use that crossing, as it was a public highway. There was no grade for either to overcome, and if as the plaintiff stated, he looked before entering upon the trolley track and saw the car 400 feet distant, approaching at reasonable speed, and succeeded in crossing the tracks so nearly that only the extreme part of his wagon was touched, would reasonably indicate that if the trolley car had been operated under proper control the accident could have been avoided.

The question of the defendant's negligence and the plaintiff's contributory negligence was so fully and fairly presented to the jury, that no exception was taken

thereto. On this phase of the case it was clearly proper for the court to submit the case to the jury.

The defendant introduced in evidence a paper called a release, the execution of which was denied by the plaintiff. On the paper was an X mark, with the plaintiff's name written admittedly by another hand. His version of it was, that on the day it bears date, he was in a saloon with a friend, when a man came in and asked him if he was Charlie Logue, and if he would have a drink. The parties remained until the stranger purchased six drinks, and then stated he wanted the plaintiff to go to 8th and Dauphin streets, the company's office, to see about this case. The stranger accompanied him to the office, where, as he testified, he received $25, on account of his case which was coming up in court. He denied all knowledge of having signed the paper, and when he received the $25, he was told to go out and get some more rum. He was corroborated in part of his statement by another witness who was present in the barroom and overheard the conversation between the stranger and plaintiff, and that when the plaintiff left that place his condition was described as "pretty well skizzled." There was one supporting witness to the execution of the paper, but his testimony was very vague and uncertain.

The jury would be warranted in finding, under the undisputed evidence, that the plaintiff could not read or write, that the paper was not read to him nor its contents explained, that he was very much under the influence of liquor, which condition was induced by the representative of the company, who acted in its interest and prompted the signing of this release, now used as a bar to a recovery in this case. Under all the facts of the case, the validity of the release was clearly for the jury to determine. It is not necessary to cite any authorities to support the action of the court below.

Our attention has been called to Leonard v. Coleman, 273 Pa. 62, but the controlling facts in that case are so different from the ones in this that it is not applicable.

The judgment is affirmed.